UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS E. MARRA,<br>    Plaintiff, | : | CASE NO. 3:18-cv-179 (MPS) |
| v. | : | |
| STATE'S ATTORNEY'S OFFICE, et al.<br>    Defendants. | : | March 20, 2018 |

**RULING ON MOTION TO ALTER OR AMEND JUDGMENT**

On January 31, 2018, the plaintiff, Thomas E. Marra, an inmate currently confined at Garner Correctional Institution in Newtown, Connecticut, brought a civil complaint *pro se* under 42 U.S.C. Section 1983 against the Connecticut State's Attorney's Office for the Judicial District of Fairfield and State's Attorney John C. Smriga in his official capacity for their refusal to release biological evidence in connection with his murder investigation and trial for DNA testing. Compl. (ECF No. 1). He sought an order from this Court requiring the defendants to release the evidence and send it to the Connecticut forensic laboratory for DNA testing.

On February 20, 2018, this Court dismissed the complaint for failure to state a claim upon which relief could be granted under 28 U.S.C. Section 1915A(b)(1). (ECF No. 9.) The Court ruled that under *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), a state prisoner does not have a freestanding, substantive due process right to access the state's evidence for DNA testing, and any due process challenge must show that the state's statutory procedure for post-conviction DNA testing is constitutionally invalid. Initial Review Order (ECF No. 9) 5-6. Because the plaintiff in this case did not allege that Connecticut's post-conviction DNA statute, Conn. Gen.

Stat. § 54-102kk, violated procedural due process, his claim against the defendants was dismissed. *Id.* at 7.

On February 26, 2018, the plaintiff filed a "Motion to Alter or Amend the Judgment" (ECF Nos. 11 and 12).[1]  He argues that he can offer proof that the defendants' refusal to release the evidence for testing violates his constitutional rights and that the Court should construe his complaint liberally as stating plausible constitutional claims against the defendants.  The Court construes this motion as a motion for reconsideration of its Initial Review Order.

Local Rule 7(c) of the District of Connecticut Local Rules of Civil Procedure provides that motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."  Such motions must be filed within seven days of the filing of the decision or order from which relief is sought.  *Id.*

The Court reviews the plaintiff's motion under Local Rule 7(c) because it was filed within seven days from the Initial Review Order.  However, the plaintiff has not identified any controlling decisions or data that the Court has overlooked.  He cites precedent establishing that *pro se* complaints should be construed liberally and be allowed to proceed if it appears that the plaintiff could offer proof in support of his claims.  *See* Motion to Alter or Amend J. at 3 (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).  However, this Court has construed his allegations liberally and concluded that, under *Osborne*, he cannot a state a claim for post-conviction DNA testing unless he

---

[1] It appears that the plaintiff's motion was uploaded and docketed twice.  Each entry was assigned a different docket number.  Thus, the Court's ruling on the motion applies to ECF Nos. 11 and 12.

challenges the constitutional validity of section 54-102kk itself. The plaintiff's motion does not dispute the holding in *Osborne*, nor does it cite any precedent that conflicts with *Osborne*. Moreover, as noted in the Initial Review Order, the plaintiff already unsuccessfully litigated a post-conviction DNA challenge under § 54-102kk in the state courts. (*See* ECF No. 9 at 4–5.) Thus, contrary to the plaintiff's motion, it would not be a miscarriage of justice to dismiss his claim in federal court, which is based on the same facts and legal principles.

Because the holding in *Osborne* precludes the plaintiff's constitutional claims in this case and for the other reasons set forth in the Court's earlier ruling (ECF No. 9), the plaintiff's motion to amend the judgment (ECF Nos. 11 and 12) is DENIED. The case remains dismissed.

It is so ordered.

Dated at Hartford, Connecticut this 20th day of March 2018.

/s/
Michael P. Shea, U.S.D.J.